## No. 10,985.

## C. S. LAMBIE CO. v. BLACKWELL.

Decided February 2, 1925.   Rehearing denied March 2, 1925.

Action for damages for personal injuries.   Judgment for plaintiff.

*Affirmed.*

1.  PERSONAL INJURIES—*Negligence—Jury Question.*  In an action for personal injuries occasioned by the blowing down of a panel of fence erected by defendant, it is held under the facts disclosed, that the issue of negligence was for the jury, and that the evidence was sufficient to support a verdict for plaintiff.

2.  NEGLIGENCE—*Evidence.*  In an action for personal injuries occasioned by the blowing down of a panel of fence erected by defendant, evidence of wind velocity held properly admitted in view of the issues and other evidence in the case.

3.  PERSONAL INJURIES—*Instructions.*  The contention in a personal injuries case that the court failed to instruct the jury as to damages which plaintiff might recover, overruled.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. WM. E. HUTTON, Mr. BRUCE B. McCAY, for plaintiff in error.

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. EVERETT BELL, Mr. JAMES R. HOFFMAN, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff below recovered a judgment for damages resulting from personal injuries alleged to have been proximately caused by defendant's negligence.

The defendant, a corporation, was engaged in the erection of walls and supports for a large building located in the business district of the city of Denver, and as a part of the building operations maintained a high board fence near the curb line adjoining the building. The fence consisted of, among other things, removable panels approximately six feet high and ten feet long. Each panel was placed in a frame having a socket, and could be removed simply by being first lifted out of the socket. During a windy day, the plaintiff, a pedestrian, was injured by one of the panels which became dislocated and fell upon her.

The defendant contends that there is no evidence of negligence. There is much argument in the briefs as to whether the doctrine of res ipsa loquitur applies, the defendant contending that it does not. In our opinion, however, the verdict may be upheld without reference to this doctrine. The complaint charged that the defendant failed to maintain the fence in such condition that it would not give way, and failed to take precautions against the wind. The evidence shows that the wind was blowing unusually strong for some time before the accident, and that defendant did not take any steps to guard against the danger ensuing from such wind. There is evidence that there was not a "cyclone" or a tornado, but that the wind was in the nature of a straight wind, and frequent gusts, and was not extraordinary. This left it to the jury to say whether the defendant was negligent in maintaining the fence. The evidence is sufficient to support a verdict for plaintiff.

It is next contended that it was error to receive evidence of wind velocity, and average wind velocity, as observed by the government meteorologist at the Post Office building. In view of the issues, and of other evidence in the case, there was no error in the admission of this testimony.

It is contended that the court erred in failing to instruct the jury that plaintiff is entitled to damages for only such injuries as resulted from the accident. All the instructions taken together did so instruct the jury, and the particular instruction complained of in this respect is not so mislead-

ing as to allow the jury to assess damages for injuries which were not proximately caused by the accident.

It is claimed that the verdict is excessive. We are unable to find anything in the record which would justify us in disturbing the verdict on that ground.

The judgment is affirmed.

MR. JUSTICE BURKE and MR. JUSTICE ADAMS concur.